AO 241
(Rev. 01/15)

Page 2

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN |
|---|---|

| Name (under which you were convicted): CHRISTOPHER M. SPIEHLER | Docket or Case No.: 16-3971 |
|---|---|
| Place of Confinement: LOUISIANA STATE PRISON | Prisoner No.: 591199 SECT. H MAG. 3 |

| Petitioner (include the name under which you were convicted) CHRISTOPHER M. SPIEHLER | Respondent (authorized person having custody of petitioner) DARREL VANNOY |
|---|---|
| | v. |
| The Attorney General of the State of: LOUISIANA | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    TWENTY SECOND JUDICIAL DISTRICT COURT
    701 NORTH COLUMBIA ST
    COVINGTON, LA. 70434

    (b) Criminal docket or case number (if you know): 491497

2.  (a) Date of the judgment of conviction (if you know): SEPTEMBER 27, 2011

    (b) Date of sentencing: OCTOBER 13, 2011

3.  Length of sentence: LIFE WITHOUT BENEFITS, FIVE YEARS CONCURRENT, ONE HUNDRED YEARS CONSEC.

4.  In this case, were you convicted on more than one count or of more than one crime? ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    ONE COUNT AGGRAVATED RAPE; ONE COUNT SIMPLE KIDNAPPING;
    TWENTY COUNTS POSSESSION OF PORNOGRAPHY INVOLVING
    JUVENILES.

6.  (a) What was your plea? (Check one)

    ☒ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty         ☐ (4) Insanity plea

TENDERED FOR FILING

APR 27 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

X Fee _paupr_
___ Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No. _____

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury     ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes     ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:   LOUISIANA FIRST CIRCUIT COURT OF APPEALS

(b) Docket or case number (if you know):   12-KA-0129

(c) Result:   CONVICTION AND SENTENCES AFFIRMED

(d) Date of result (if you know):   SEPTEMBER 21, 2012

(e) Citation to the case (if you know):   NOT DESIGNATED FOR PUBLICATION

(f) Grounds raised:

TRIAL COURT IMPOSED EXCESSIVE SENTENCE; TRIAL
COURT ERRED IN FAILING TO INSTRUCT JURY TO
RENDER UNANIMOUS VOTE; TRIAL COURT ERRED IN
FAILING TO ISSUE RULING ON DEFENDAT'S PRO-SE
MOTION TO QUASH DEFECTIVE INDICTMENT PRIOR
TO TRIAL.

(g) Did you seek further review by a higher state court?     ☒ Yes     ☐ No

If yes, answer the following:

(1) Name of court:   LOUISIANA STATE SUPREME COURT

(2) Docket or case number (if you know):   2013-KH-548

(3) Result:   WRIT DENIED

(4) Date of result (if you know):   JULY 31, 2013

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know):   No Citation Published

(6) Grounds raised:

- SAME GROUNDS RAISED IN DIRECT APPEAL -

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:   TWENTY-SECOND JUDICIAL DISTRICT COURT

(2) Docket or case number (if you know):   491497

(3) Date of filing (if you know):   AUGUST 13, 2014

(4) Nature of the proceeding:   POST CONVICTION RELIEF APPLICATION

(5) Grounds raised:

VIOLATION OF DUE PROCESS AND FAIR TRIAL RIGHTS DUE TO
BRADY RULE VIOLATION; VIOLATION OF RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL; ILLEGAL CONVICTION DUE TO
VIOLATION OF JURISDICTION OF STATE OF MISSISSIPPI;
VIOLATION OF SEARCH/SEIZURE PROTECTION DUE TO IMPROPER
CONDUCTION OF SEARCH WARRANT, MANIPULATION OF EVIDENCE
PRIOR TO SEIZURE, AND PERJURY COMMITTED BY STATE
WITNESS DURING TRIAL TESTIMONY.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes   ☐ No

(7) Result:   POST-CONVICTION RELIEF APPLICATION DENIED

(8) Date of result (if you know):   JULY 23, 2015

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes     ❏ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒ Yes     ☐ No

(2) Second petition:   ☐ Yes     ☐ No

(3) Third petition:    ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   DEFENDANT'S DUE PROCESS AND FAIR TRIAL RIGHTS WERE DENIED SINCE MATERIAL, EXCULPATORY EVIDENCE WAS NOT DISCLOSED TO DEFENSE PRIOR TO TRIAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

S.T.P.S.O. DEPUTY CHRISTOPHER NIELSEN DISCOVERED VICTIM'S HAND-WRITTEN JOURNAL THAT CONTAINED ENTRIES EXPRESSING HER INTENTIONS TO LOSE HER VIRGINITY TO INDIVIDUAL SHE PLANNED TO MEET IN FLORIDA. VICTIM LATER CLAIMED DEFENDANT RAPED HER SEVERAL MONTHS EARLIER. THE ENTRIES IN THE JOURNAL WOULD HAVE BEEN USED TO CONTRADICT VICTIM'S TESTIMONY BUT WAS NEVER DISCLOSED TO THE DEFENSE BY THE STATE. NO PHYSICAL EVIDENCE WAS PRESENTED AT TRIAL, AND CONVICTION WAS OBTAINED FROM TESTIMONY OF VICTIM THAT WAS NOT REFUTED BY DEFENSE SINCE THE EVIDENCE WAS NOT AVAILABLE.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:

ISSUE WAS NOT REVIEWABLE BY COURT OF APPEALS; ONLY POST CONVICTION RELIEF APPLICATION CAN RAISE ISSUE.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☒ Yes     ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  POST CONVICTION RELIEF APPLICATION

Name and location of the court where the motion or petition was filed:  TWENTY-SECOND JUDICIAL DISTRICT COURT; 701 NORTH COLUMBIA ST.; COVINGTON, LA. 70434

Docket or case number (if you know):  491497-D

Date of the court's decision:  JULY 23, 2015

Result (attach a copy of the court's opinion or order, if available):  POST CONVICTION RELIEF APPLICATION DENIED, PURSUANT TO ARTICLE 930.2.

    (3) Did you receive a hearing on your motion or petition?                              ☒ Yes     ☐ No

    (4) Did you appeal from the denial of your motion or petition?                         ☒ Yes     ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes     ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  LOUISIANA FIRST CIRCUIT COURT OF APPEALS; 1600 NORTH 3RD ST. P.O. BOX 4408; BATON ROUGE, LA. 70821

Docket or case number (if you know):  2015-KW-1746

Date of the court's decision:  DECEMBER 18, 2015

Result (attach a copy of the court's opinion or order, if available):  WRIT DENIED ON BASIS THAT APPLICANT MADE ONLY CONCLUSORY ARGUMENTS.

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: FILED FOR WRIT OF SUPERVISORY REVIEW TO

LOUISIANA STATE SUPREME COURT, DOCKET No 2016-KH-266, FEBRUARY 11,

2016. COURT DECLINED TO CONSIDER WRIT ON MARCH 14, STATING WRIT UNTIMELY.

**GROUND TWO:** DEFENSE COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE DURING

ALL PHASES OF TRIAL, VIOLATING THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WILLIAM ALFORD JR, RETAINED DEFENSE COUNSEL, INTENTIONALLY REFUSED TO SEEK OUT

AND SUBPOENA WITNESSES THAT COULD HAVE PROVIDED TESTIMONY TO CONTRADICT STATEMENTS

MADE BY ARRESTING DEPUTIES; COUNSEL ALLOWED PROSECUTOR TO REVEAL IDENTITY OF

UNDERAGE VICTIM, WITHOUT REQUESTING ADMONITION FROM JUDGE, DURING JURY SELECTION;

COUNSEL FAILED TO REQUEST ALL WITNESSES BE SEQUESTERED AT BEGINNING OF TRIAL;

DEFENSE COUNSEL ALLOWED VICTIM TO RESPOND TO QUESTIONS WITH 'I DONT KNOW' OR

'I DONT REMEMBER', TOTALLING NEARLY TWO DOZEN INSTANCES DURING CROSS, WITHOUT

REQUESTING THE JUDGE COMPEL HER TO GIVE SUBSTANTIVE ANSWERS.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: ISSUE WAS NOT

REVIEWABLE BY COURT OF APPEALS; ONLY POST CONVICTION RELIEF

APPLICATION CAN RAISE ISSUE.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST CONVICTION RELIEF APPLICATION

Name and location of the court where the motion or petition was filed: TWENTY-SECOND JUDICIAL

DISTRICT COURT; 701 NORTH COLUMBIA ST, COVINGTON LA 70434

Docket or case number (if you know): 491497-D

Date of the court's decision: SEPTEMBER 17, 2014

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): CLAIM DISMISSED FOR LACK OF MERIT, NO HEARING SCHEDULED PURSUANT TO ARTICLE 929

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: LOUISIANA FIRST CIRCUIT COURT OF APPEALS 1600 NORTH 3RD ST. PO BOX 4408 BATON ROUGE, LA. 70821

Docket or case number (if you know): 2015-KW-1746

Date of the court's decision: DECEMBER 18, 2015

Result (attach a copy of the court's opinion or order, if available): WRIT DENIED ON BASIS THAT APPLICANT MADE ONLY CONCLUSORY ARGUMENTS.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two FILED FOR WRIT OF SUPERVISORY REVIEW TO LOUISIANA STATE SUPREME COURT. DOCKET No. 2016-KH-266, FEBRUARY 11, 2016. COURT DECLINED TO CONSIDER WRIT, MARCH 14; STATING WRIT UNTIMELY.

**GROUND THREE:** CONVICTION UNLAWFUL IN THAT IT WAS OBTAINED IN VIOLATION OF JURISDICTION OF STATE OF MISSISSIPPI.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AGGRAVATED RAPE CHARGE LISTED ON GRAND JURY INDICTMENT BETWEEN 1ST AND 28TH DAY OF FEBRUARY 2010, WITH AGGRAVATED KIDNAPPING LISTED FOR APRIL 23, 2010. CHARGES UNCONNECTED; TWO MONTH SEPARATION. JUDGE GARCIA STATED, AT SENTENCING, THAT THE VICTIM WAS ABANDONED IN MISSISSIPPI AFTER DEFENDANT COMMITTED THE AGGRAVATED RAPE, AND FURTHER STATED THAT THE JURY FOUND DEFENDANT GUILTY OF SIMPLE KIDNAPPING IN RELATION TO THE AGGRAVATED RAPE.

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   ISSUE WAS NOT REVIEWABLE
BY COURT OF APPEALS; ONLY POST CONVICTION RELIEF APPLICATION
CAN RAISE ISSUE.

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   POST CONVICTION RELIEF APPLICATION

Name and location of the court where the motion or petition was filed:   TWENTY SECOND JUDICIAL
DISTRICT COURT; 701 NORTH COLUMBIA ST.  COVINGTON, LA. 70434

Docket or case number (if you know):   491497-D

Date of the court's decision:   SEPTEMBER 17, 2014

Result (attach a copy of the court's opinion or order, if available):   CLAIM DISMISSED FOR LACK OF
MERIT, NO HEARING SCHEDULED PURSUANT TO ARTICLE 929.

(3) Did you receive a hearing on your motion or petition?      ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?      ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   LOUISIANA FIRST CIRCUIT COURT OF
APPEALS; 1600 NORTH 3RD ST  PO BOX 4408   BATON ROUGE LA. 70821

Docket or case number (if you know):   2015-KW-1746

Date of the court's decision:   DECEMBER 18, 2015

Result (attach a copy of the court's opinion or order, if available):   WRIT DENIED ON BASIS THAT
APPLICANT MADE ONLY CONCLUSORY ARGUMENTS.

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *FILED FOR WRIT OF SUPERVISORY REVIEW TO LOUISIANA STATE SUPREME COURT, DOCKET NO. 2016-KH-266, FEBRUARY 11, 2016. COURT DECLINED TO CONSIDER WRIT, MARCH 14; STATING WRIT UNTIMELY*

**GROUND FOUR:** *IMPROPER CONDUCTION OF SEARCH WARRANT VIOLATED SEARCH AND SEIZURE RIGHTS, FAIR TRIAL DENIED DUE TO MANIPULATION OF EVIDENCE AND PERJURY BY STATE WITNESS.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*EVIDENCE COLLECTED DURING EXECUTION OF WARRANT PHYSICALLY MANIPULATED PRIOR TO SEIZURE, ITEMS SEIZED NOT SPECIFIED BY WARRANT; AUDIO STATEMENTS MADE BY DEFENDANT DURING INITIAL INTERVIEW EDITED TOGETHER TO APPEAR AS ONE STATEMENT, NOT TWO; POLICE DETECTIVE MADE FALSE STATEMENTS DURING TESTIMONY REGARDING ACTIONS DURING EXECUTION OF SEARCH WARRANT, STATEMENTS MADE WHILE ON STAND IN REGARDS TO END OF EMPLOYMENT WITH SHERIFFS OFFICE LATER DISCOVERED TO BE FALSE.*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *ISSUE WAS NOT REVIEWABLE BY COURT OF APPEALS; ONLY POST CONVICTION RELIEF APPLICATION CAN RAISE ISSUE.*

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *POST CONVICTION RELIEF APPLICATION*

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: TWENTY-SECOND JUDICIAL
DISTRICT COURT; 701 NORTH COLUMBIA ST COVINGTON, LA. 70434

Docket or case number (if you know): 491497-D

Date of the court's decision: SEPTEMBER 17, 2014

Result (attach a copy of the court's opinion or order, if available): CLAIM DISMISSED FOR LACK
OF MERIT, NO HEARING SCHEDULED PURSUANT TO ARTICLE 929.

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                               ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?       ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: LOUISIANA FIRST CIRCUIT COURT OF
APPEALS; 1600 NORTH 3RD ST PO BOX 4408 BATON ROUGE LA. 70821

Docket or case number (if you know): 2015-KW-1746

Date of the court's decision: DECEMBER 18, 2015

Result (attach a copy of the court's opinion or order, if available): WRIT DENIED ON BASIS
THAT APPLICANT MADE ONLY CONCLUSORY ARGUMENTS.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: FILED FOR WRIT OF SUPERVISORY
REVIEW TO LOUISIANA STATE SUPREME COURT, DOCKET No. 2016-KH-
266, FEBRUARY 11, 2016. COURT DECLINED TO CONSIDER WRIT ON
MARCH 14, STATING WRIT UNTIMELY.

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: G BRICE JONES    60125 ROBERT BLVD
SLIDELL, LA 70458

(c) At trial: WILLIAM R ALFORD JR.    8 DIVISION DR.
COVINGTON, LA 70433

(d) At sentencing: WILLIAM R ALFORD JR.    8 DIVISION DR.
COVINGTON, LA 70433

(e) On appeal: FREDERICK KROENKE    707 RAPIDES ST.
BATON ROUGE, LA 70806

(f) In any post-conviction proceeding: JOHN ALMERICO  402 NORTH JEFFERSON ST.
COVINGTON, LA 70433

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☒ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

HANCOCK COUNTY CIRCUIT COURT    152 MAIN ST. SUITE B
BAY ST. LOUIS, MS. 39520

(b) Give the date the other sentence was imposed: FEBRUARY 4, 2013

(c) Give the length of the other sentence: TWENTY YEARS, CONCURRENT WITH LOUISIANA TIME.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☒ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: HAVE ALL CONVICTIONS OVERTURNED AND
SENTENCES VACATED; ORDER UNCONDITIONAL AND UNDELAYED RELEASE FROM CUSTODY;
ISSUE ORDER THAT JUDGES PETER GARCIA AND SCOTT GARDNER BE PROHIBITED FROM
PRESIDING IF RE-TRIAL ORDERED BY DISTRICT ATTORNEY; HAVE RECORD CLEARED.
or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on     4 /26/2016     (month, date, year).

Executed (signed) on     4 /26/2016     (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

AO 241
(Rev. 01/15)

Page 1

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of *money that the institution is holding for you. If your account exceeds $*   100.00   , *you must pay the filing fee.*

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and   0   copies to the Clerk of the United States District Court at this address:

### Clerk, United States District Court

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

ATTACHMENT #1,

CHRISTOPHER M. SPIEHLER

V.

N. BURL CAIN, WARDEN

FILED: _9-17-14_

DKT. NO. 491497   DIVISION D

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

_Teresa A. Cooper_
MINUTE CLERK

### ORDER DISMISSING APPLICATION FOR POST-CONVICTION RELIEF IN PART AND ORDER FOR ANSWER FROM DISTRICT ATTORNEY

Petitioner filed an application for post-conviction relief raising four claims for relief arising out of his conviction for aggravated rape, simple kidnapping, and pornography involving juveniles.

In Claim II, petitioner contends that he received ineffective assistance of counsel due to the failure of counsel to subpoena the store manager who saw the officers arrest him at work. He also contends that the prosecutor improperly revealed the name of the underage victim and that no objection was made by defense counsel. Finally, he contends that defense counsel failed to request a mistrial, failed to challenge the identity of a witness, and failed to demand answers of the victim when she testified that she did not know the answer to a question. The court has thoroughly reviewed the entire record, the law, and the jurisprudence and finds the contentions in Claim II lack merit.

In Claim III, petitioner contends that he was tried for a crime that occurred in Mississippi. It is clear from the record that the petitioner was tried for and convicted of crimes committed in St. Tammany Parish, Louisiana. This claim is without merit.

In Claim IV, petitioner contends that there was no probable cause for the search warrants issued authorizing searches of petitioner's computers because he never told the detective that he engaged in online communications with the victim (after the initial contact), nor did he tell the officer about sharing any videos or photos with the victim. He also accuses the detective of perjury at trial for testifying that his tenure with the Sheriff's Office had "come to an end" rather than being terminated, and that this omission should disqualify the detective as a witness and lead to the suppression of all

SCANNED

SEP 2 4 2014

ATTACHMENT #1₂

evidence. Following review of the entire record, the law and jurisprudence, the court finds Claim IV without merit.

The application for post-conviction relief received by the Clerk of Court on behalf of Christopher M. Spiehler on August 13, 2014, having been received and reviewed:

IT IS ORDERED that Claims II, III, and IV of the application for post-conviction relief are hereby dismissed. Code of Criminal Procedure article 929.

IT IS FURTHER ORDERED that the District Attorney for the Parish of St. Tammany answer the allegations of Claim I within thirty (30) days of notice of this order and make return to this Court of that answer.

IT IS FURTHER ORDERED that the Clerk of Court for the Parish of St. Tammany give notice of this order to the District Attorney for the Parish of St. Tammany and the petitioner by mail.

Covington, Louisiana, this 17ⁿ day of September, 2014.

PETER J. GARCIA
Judge, Division "D"

SCANNED
SEP 24 2014


ATTACHMENT #2

Thursday, July 23, 2015

COURT MET THIS DAY, PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING HIS HONOR, PETER J. GARCIA, JUDGE DIVISION "D", LOUIS BUTLER, ASSISTANT DISTRICT ATTORNEY,   RODNEY J. STRAIN JR, SHERIFF AND MALISE PRIETO, CLERK OF COURT. (Donald Lala, Bailiff, Beth Cannon Court Reporter)

491497          STATE OF LOUISIANA
                VS
                CHRISTOPHER MICHAEL SPIEHLER

The defendant being present in open Court attended by his Counsel, John Almerico and the State being represented by Emily Couvillion and Dale Branch and this matter being on assignment for Evidentiary Hearing, evidence was heard on behalf of the State and Defense and the matter was submitted to the Court, whereupon Court denied said motion.

COURT ADJOURNED SINE DIE:          MINUTES READ AND APPROVED:
_____            _____
MINUTE CLERK Teresa A. Cooper      JUDGE  DIVISION "D"  PJG

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

_____
DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA

Attachment #3

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                  NO.  2015 KW 1476

VERSUS

CHRISTOPHER M. SPIEHLER                          DEC 1 8 2015

In Re:   Christopher M. Spiehler, applying for supervisory
         writs, 22nd Judicial District Court, Parish of St.
         Tammany, No. 491497.

BEFORE:   WHIPPLE, C.J., WELCH AND CHUTZ, JJ.

   **WRIT DENIED.**  Relator only offered conclusory allegations,
and the documents attached to this writ do not support his
claims for postconviction relief.  See La. Code Crim. P. art.
930.2.

                              WRC
                              VGW
                              JEW

COURT OF APPEAL, FIRST CIRCUIT

*Peggy J. Landry*

DEPUTY CLERK OF COURT
     FOR THE COURT

ATTACHMENT "4,

# The Supreme Court of the State of Louisiana

**STATE EX REL. CHRISTOPHER M. SPIEHLER**

NO.  2016-KH-0266

VS.

**STATE OF LOUISIANA**

— — — — —

IN RE:  Christopher M. Spiehler; - Plaintiff; Applying For
Supervisory and/or Remedial Writs, Parish of St. Tammany,  22nd
Judicial District Court Div. D, No. 491497; to the Court of Appeal,
First Circuit, No. 2015 KW 1476;

— — — — —

March 14, 2016

Writ not considered. See per curiam.

JDH

JTK

JLW

GGG

MRC

SJC

ATTACHMENT #4₂

# SUPREME COURT OF LOUISIANA

## No. 16-KH-0266

MAR 14 2016

### STATE EX REL. CHRISTOPHER M. SPIEHLER

v.

### STATE OF LOUISIANA

## ON SUPERVISORY WRITS TO THE TWENTY-SECOND
## JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY

PER CURIAM:

WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct. Rule X §

5.

Relator has now exhausted his right to obtain post-conviction relief in state

court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-

conviction procedure envisions the filing of a second or successive application

only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within

the limitations period as set out in La.C.Cr.P. art.930.8. Notably, the Legislature in

2013 La. Acts 251 amended that article to make the procedural bars against

successive filings mandatory. Relator has filed an application for post-conviction

relief in the District Court, and the District Court's ruling denying relief is now

final. Hereafter, unless he can show that one of the narrow exceptions authorizing

the filing of a successive application applies, relator has exhausted his right to state

collateral review. The District Court is ordered to record a minute entry consistent

with this per curiam.

EXHIBIT #1

## INCIDENT - NARRATIVE CONTINUATION

| | | Juvenile | X | 1. Original | |
| | | | | 2. Supplement | 1 |

| Agency ORI Number | Agency Name | Agency Report Number |
|---|---|---|
| LA0520000 | ST TAMMANY PARISH SHERIFF'S OFFICE | 2010-007011 |
| Original Date Reported | Incident Type | |
| 04/24/2010 | Runaway | |

### NARRATIVE CONTINUATION

On April 24, 2010 at approximately 0019 hours Deputy Chris Nielsen (#4214) was dispatched to 73516 Trap street in reference to a missing runaway child, eleven (11) years of age. While in route, the complainant, Charlotte Anderson, had given a vehicle description of a silver sport utility type vehicle bearing Louisiana license plate number X621639. Deputy Nielsen and other Deputies responded from different routes in an attempt to locate the vehicle as it left the area. Dispatch checked the license plate and advised it was registered to a company, EAN Holdings LLC, with an address in Tulsa, Oklahoma. Deputy Nielsen arrived at the residence and contacted Ms. Anderson. Dispatch advised she checked the license plate through the ALPR camera system and advised it last passed a camera on Hwy 41 at Pine Street Extension at 2347 hours on April 23, 2010, around 20 minutes before Kirstan left her residence. Deputy Nielsen suspected that was the route taken to get to Kirstan's residence and Deputies in that area were advised they may take that route back.

Ms. Anderson stated she was sleeping and was woke up by Conner LeBerton, a relative that saw her daughter, Kirstan Anderson, get into the vehicle described above and leave. Ms. Anderson stated she did not know why Kirstan was running away. Deputy Nielsen contacted Conner who stated he walked outside to see Kirstan putting bags of her stuff in the silver vehicle. Conner asked what she was doing and Kirstan stated she was running away. Conner attempted to convince Kirstan not to leave. Conner talked to the white male driver who gave his name as Caleb and asked why and where he was taking Kirstan. Caleb stated he was just giving her a ride and what she done was on her. Caleb stated she wanted to go to Florida. Conner stated Caleb appeared to be eighteen (18) or nineteen (19) years old. Conner described Caleb as being approximately 5'10" (five foot ten inches) tall with a black tank top shirt, khaki or gray cargo shorts with dirty blonde or brown hair. Conner stated as the vehicle was driven off, he followed and got the license plate number then ran inside to tell Ms. Anderson. Deputy Nielsen obtained a thorough description of Kirstan also: 5'4" (five foot four inches) tall, 112 (one hundred twelve) pounds, brown strait medium (below shoulder) length hair, hazel green eyes, she had a quarter size brown spot on her right bicep (a birth mark). She was last seen wearing gray pants with "west coast" design with skull and heart on back pockets, black shoes (converse type), black tank top with a black denim style jacket with zippers. Kirstan had several rings on, a green gauge hoop earring in the lower piercing hole on one side and a silver or gold (shinny) gauge hoop earring in the lower piercing hole on the other ear. She had black stud earrings in the second piercing hole on both ears. Kirstan also had a black "Fox" brand hat. Deputy Nielsen collected the other necessary information to have Kirstan entered into the NCIC state computer system. Dispatch entered Kirstan and the

### ADMINISTRATIVE

| Report Contains | | | | Related Report Number(s) | | | | |
|---|---|---|---|---|---|---|---|---|
| 3 | | | | | | | | |
| Officer(s) Reporting | ID. Number | Name | | | ID. Number | Unit | Date | |
| NIELSEN, Christopher | 1829 | | | | | 4214 | 04/24/2010 | |
| Officer Reviewing (If Applicable) | ID. Number | Approved Date | # Offenses | # Victims | # Offenders | # Premises Ent. | # Vehicles Stolen | # Arrested |
| MCINTYRE, RONNIE | 256 | 04/25/2010 | 0 | 1 | 0 | 0 | 0 | 0 |
| Routed To | | Referred To | | | | | | |
| MAJOR CRIMES | | Detetive Cory Crow | | | | | | |
| Assigned To | | By | | | | | Assigned Date | |
| | | | | | | | | |
| Case Status | | Exception Type | | | | | Date Cleared | |
| OPEN | | | | | | | | |

Exhibit #1

## INCIDENT - NARRATIVE CONTINUATION

| | | Juvenile | X | 1. Original |
| | | | | 2. Supplement | 1 |

| Agency ORI Number | Agency Name | Agency Report Number |
|---|---|---|
| LA0520000 | ST TAMMANY PARISH SHERIFF'S OFFICE | 2010-007011 |
| Original Date Reported | Incident Type | |
| 04/24/2010 | Runaway | |

### NARRATIVE CONTINUATION

vehicle information, dispatch advised the NIC number for Kirstan was M138804650 by Deputy Vicari (#3135). Ms. Anderson gave Deputy Nielsen a card that had a photo of Kirstan on it, with contact numbers for the National Center of Missing and Exploited Children and ways of viewing the photo online, as a tool for law enforcement.

Ms. Anderson had her sister (Conner's mother), Angela LeBerton, attempting to access Kirstan's social networking accounts, MySpace and Facebook. Ms. Anderson supplied Deputy Nielsen with Kirstan's cell phone number as 985-710-9488. Deputy Nielsen advised dispatch to attempt a trace of the phone. Ms. Anderson stated the phone had a block on it so Kirstan was not allowed to call anyone but relatives after 2300 hours until 0600 hours. Ms. Anderson stated she would remove the block to help trace the phone. Dispatch advised T-Mobile, the phone carrier, advised the phone was off and not able to be traced at the present time. Kirstan's phone records were accessed by the family. Ms. Anderson provided Deputy Nielsen with a number that Kirstan had communicated via text messaging with between 2000 hours and 2058 hours April, 23, 2010 (only hours before she went missing), 504-275-5562. — Chris #
Deputy Nielsen attempted to contact the number and it went to the voicemail, no name was specified. To prevent the person who had the phone from being aware that law enforcement was working the case no message was left. Deputy Nielsen was also given a number that was believed to be that of John, a male from the Orlando, Florida that Kirstan may be trying to get to, his number 407-968-6725. The last call to that number was at 2251 hours, April 23, 2010. Deputy Nielsen did not attempt to contact that number at the time, to prevent the person from knowing law enforcement was investigating the matter. Deputy Nielsen did not want the person at Kirstan's possible destination to be aware and her not go there. Ms. Anderson stated that Kirstan was a good child, she done well in school and had never been in trouble until recently. Ms. Anderson explained she had punished Kirstan from Internet access due to her having a vampire freaks account and talking to older people, Ms. Anderson did not approve of such. Ms. Anderson stated that Kirstan met John via myspace.com.

Kirstan's sister and Conner had located several notes and a homemade journal. Ms. Anderson gave Deputy Nielsen permission to look through the things to look for clues. Deputy Nielsen observed four separate letters to Jacob, Adrianna Alexiss and Brittany. Each of the letters were similar in content, that Kirstan was planning to run away to Florida. She also told in the letters that she planned to keep her phone so they could contact her that way. There was also a letter to Ms. Anderson and her family telling the same things and saying she was sorry but she didn't want to live there anymore. The homemade journal had several entries about a male named John,

### ADMINISTRATIVE

| Report Contains | | | | Related Report Number(s) | | | | |
|---|---|---|---|---|---|---|---|---|
| 3 | | | | | | | | |
| Officer(s) Reporting | ID. Number | Name | | | ID. Number | Unit | Date | |
| NIELSEN, Christopher | 1829 | | | | | 4214 | 04/24/2010 | |
| Officer Reviewing (If Applicable) | ID. Number | Approved Date | # Offenses | # Victims | # Offenders | # Premises Ent. | # Vehicles Stolen | # Arrested |
| MCINTYRE, RONNIE | 256 | 04/25/2010 | 0 | 1 | 0 | 0 | 0 | 0 |
| Routed To | | Referred To | | | | | | |
| MAJOR CRIMES | | Detetive Cory Crow | | | | | | |
| Assigned To | | By | | | | | Assigned Date | |
| Case Status | | Exception Type | | | | | Date Cleared | |
| OPEN | | | | | | | | |

EXHIBIT #1 

## INCIDENT - NARRATIVE CONTINUATION

| | | Juvenile | | 1. Original |
| --- | --- | --- | --- | --- |
| | | | X | 2. Supplement 1 |

| Agency ORI Number | Agency Name | Agency Report Number |
| --- | --- | --- |
| LA0520000 | ST TAMMANY PARISH SHERIFF'S OFFICE | 2010-007011 |
| Original Date Reported | Incident Type | |
| 04/24/2010 | Runaway | |

### NARRATIVE CONTINUATION

possibly last name of Van, that lived in Florida. In the writings, Kirstan told how she loved John and planned to loose her virginity to him when she met him. Deputy Nielsen also located a checklist of things Kirstan planned to bring with her, clothes, cell phone, ipod and other personal items. On one of the notes, she wrote that her plan for getting to Florida was "hitch hiking". Deputy Nielsen advised Ms. Anderson to keep the things in a safe location that nothing of evidence was located, but the items may be useful later in the investigation.

Ms. LeBerton had located several pictures of social network friend's of Kirstan's. Conner identified a picture on vampirefreaks.com as being Caleb, the one that Kirstan left with. Ms. LeBerton was able to print the picture and supplied Deputy Nielsen with the link to the page, http://vampirefreaks.com/vampiro_secluda. The page did not give any personal information about Caleb. Deputy Nielsen was unable to verifying if the person claiming to be Caleb was legitimate. No profiles matching the picture were located on any other social networks.

Conner had arrived back at the residence and Deputy Nielsen attempted to contact the phone number suspected to be Caleb's, it went to voicemail again. Conner listened to the voicemail and identified it as being Caleb's voice. Deputy Nielsen advised dispatch to attempt to trace that cell phone number. Dispatch advised it may take some time due to not know who the phone carrier was. Deputy Steve Plaisance (#4212) responded to Alexiss's residence and contacted her, Deputy Plaisance stated Alexiss did not give any information that would assist in locating Kirstan. Dispatch provided GPS coordinates of the phone suspected to be Caleb's, latitude: 30.276132 and longitude -89.70839. Deputy Nielsen determined the coordinates to be on Crosscreek drive in Slidell, La. Deputy Victoria Dombrowski (#2212) responded to the area. Deputy Dombrowski observed a duplex near where the coordinates were to have a light on, 192A Crosscreek drive. Deputy Dombrowski contacted an elderly male who did not know of anyone in the area by the name of Caleb nor any 18-19 year old white males that lived in the area. Deputy Dombrowski did not observed the silver GMC sport utility vehicle in the area. Deputy Nielsen advised Deputy Dombrowski she would disregard knocking on anymore doors for now and she would be contacted again if more information became available.

Deputy Nielsen advised Ms. Anderson of the case number and how to contact the Sheriff's Office if she received any additional information. Deputy Nielsen responded to the Bush sub station to attempt to gather additional information. The day shift supervisor, Sergeant Brett Ibert (#4402) arrived and was advised of the investigation

chris pietan

### ADMINISTRATIVE

| Report Contains | | | | Related Report Number(s) | | |
| --- | --- | --- | --- | --- | --- | --- |
| 3 | | | | | | |

| Officer(s) Reporting | ID. Number | Name | | ID. Number | Unit | Date |
| --- | --- | --- | --- | --- | --- | --- |
| NIELSEN, Christopher | 1829 | | | | 4214 | 04/24/2010 |

| Officer Reviewing (If Applicable) | ID. Number | Approved Date | # Offenses | # Victims | # Offenders | # Premises Ent. | # Vehicles Stolen | # Arrested |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| MCINTYRE, RONNIE | 256 | 04/25/2010 | 0 | 1 | 0 | 0 | 0 | 0 |

| Routed To | Referred To |
| --- | --- |
| MAJOR CRIMES | Detetive Cory Crow |

| Assigned To | By | | Assigned Date |
| --- | --- | --- | --- |
| | | | |

| Case Status | Exception Type | Date Cleared |
| --- | --- | --- |
| OPEN | | |

EXHIBIT #1

## IN _DENT - NARRATIVE CONTINUA1_ N

|  | Juvenile | X | 1. Original |
| | | | 2. Supplement | 1 |

| Agency ORI Number | Agency Name | Agency Report Number |
| LA0520000 | ST TAMMANY PARISH SHERIFF'S OFFICE | 2010-007011 |
| Original Date Reported | Incident Type | |
| 04/24/2010 | Runaway | |

### NARRATIVE CONTINUATION

to the current time. Detective Steve Chaisson of the Juvenile division was also contacted and advised of the case. Sergeant Ibert contacted the National Center for Missing and Exploited Children. Kirstan was entered into their database also. Sergeant Ibert provided Deputy Nielsen with their case number, 1146043. Sergeant Ibert also gave a phone number to Lifetouch, the company that maintained juvenile photos, 1-800-736-4775. Sergeant Ibert advised his shift would continue the investigation and attempt to locate Kirstan. The Orlando, Florida and Florida Highway patrol agencies were notified that Kirstan may be in route to their area. Deputy Nielsen made a copy of the whole missing person card with access numbers to the photo online, it was turned in to be attached to the case file. The photo obtained from vampirefreaks.com of Caleb was turned in to be attached to the case file.

Nothing further follows.
Deputy Chris Nielsen 4214/1829
Criminal Patrol District IV

### ADMINISTRATIVE

| Report Contains | Related Report Number(s) |
| 3 | |

| Officer(s) Reporting | ID. Number | Name | | ID. Number | Unit | Date |
| NIELSEN, Christopher | 1829 | | | | 4214 | 04/24/2010 |

| Officer Reviewing (If Applicable) | ID. Number | Approved Date | # Offenses | # Victims | # Offenders | # Premises Ent | # Vehicles Stolen | # Arrested |
| MCINTYRE, RONNIE | 256 | 04/25/2010 | 0 | 1 | 0 | 0 | 0 | 0 |

| Routed To | Referred To |
| MAJOR CRIMES | Detetive Cory Crow |
| Assigned To | By | Assigned Date |

| Case Status | Exception Type | Date Cleared |
| OPEN | | |

EXHIBIT #2

# STATEMENT OF MIRANDA RIGHTS

1. You have the right to remain silent.
2. Anything you say can and will be used against you in a court of law.
3. You have the right to talk to a lawyer and have him present with you while you are being questioned.
4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish.
5. You can decide at any time to exercise these rights and not answer any questions or make any statements.

I understand these rights

_____
Signature

## WAIVER OF RIGHTS

I have read the above statement of my rights and I understand each of those rights and having these rights in mind I waive them and willingly make a statement.

_____
Signature

**Witnessed by:**

_____
Officer's Name

_____
Officer's Department      MCU

Date: 4-29-10 _____      Time: 1403 _____ P M.

_____

St. Tammany Parish Jail,          2010 - 07011      SPIEHLER, CHRISTOPHER m.
1200 Champagne Dr, Covington, La                     w/m, DOB 04-23-81
Fugitive Warrant for Mississippi, Arrest



EXHIBIT #3

# STATE OF LOUISIANA
## Parish of St. Tammany

FILED
ST. TAMHANY PARISH
MALISE PRIETO
CLERK OF COURT

4 9 1 4 9 7   JL 21 10 1

Twenty-Second Judicial District Court _____ Term, 2010

The Grand Jurors of the State of Louisiana, duly impaneled and sworn in and for the body of the Parish of St. Tammany, in the name and by the authority of the said State, upon their oath find and presents:

1) CHRISTOPHER M SPIEHLER    DOB: 04/23/1981    SSN: 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    Arrest Date: 04/24/2010    SID#: 2375241
104 WOODRUFF DR, SLIDELL, LA. 70461-

Late of the Parish of St. Tammany, between **the 1st and 28th days of February 2010**, inclusive, in the Parish of St. Tammany, aforesaid, and within the jurisdiction of the Twenty-second Judicial District Court of Louisiana, for the Parish of St. Tammany:

❖ COUNT 1
R.S. 14:42 AGGRAVATED RAPE, by committing aggravated rape upon the person of KA DOB 8/22/98.

❖ And further, between the 23rd and 24th days of April 2010, inclusive, did violate:
COUNT 2
R.S. 14:44.2 AGGRAVATED KIDNAPPING OF A CHILD, by the unauthorized taking, enticing, or decoying away and removing from a location for an unlawful purpose, by any person other than a parent, grandparent or legal guardian of a child under 13 years with the intent to secret the child from his parent or legal guardian. Victim: KA DOB 8/22/98.
and before

And further, on the 24th day of April, 2010, did violate:
COUNT 3
R.S. 14:81.1 PORNOGRAPHY INVOLVING JUVENILES, by photographing, videotaping, filming or otherwise reproducing or possessing visually sexual performances involving a child under the age of seventeen (17).

COUNT 4
R.S. 14:81.1 PORNOGRAPHY INVOLVING JUVENILES, by photographing, videotaping, filming or otherwise reproducing or possessing visually sexual performances involving a child under the age of seventeen (17).

COUNT 5
R.S. 14:81.1 PORNOGRAPHY INVOLVING JUVENILES, by photographing, videotaping, filming or otherwise reproducing or possessing visually sexual performances involving a child under the age of seventeen (17).

COUNT 6
R.S. 14:81.1 PORNOGRAPHY INVOLVING JUVENILES, by photographing, videotaping, filming or otherwise reproducing or possessing visually sexual performances involving a child under the age of seventeen (17).

COUNT 7
R.S. 14:81.1 PORNOGRAPHY INVOLVING JUVENILES, by photographing, videotaping, filming or otherwise reproducing or possessing visually sexual performances involving a child under the age of seventeen (17).

Scott Gardner
9/15/11

SCANNED   SCANNED

31   JAN 23 2012        JUL 23 2010

EXHIBIT #4

## INDICTMENT

Page 1 of 1

THE STATE OF MISSISSIPPI     CIRCUIT COURT          AUGUST TERM, A.D., 2011

COUNTY OF HANCOCK                                    No. B2301-11-0203

STATUTORY RAPE
Section 97-3-65(1)(b), Miss. Code of 1972, as amended

THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful citizens of Hancock County, duly elected, empaneled, sworn and charged to inquire in and for the said State, County and District, at the Term of Court aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present That:

CHRISTOPHER SPEIHLER

in Hancock County, Mississippi, on or about April 24, 2010,

did feloniously and unlawfully have sexual intercourse with K. A., a child under the age of fourteen (14) years and twenty-four (24) or more months younger than the said CHRISTOPHER SPEIHLER and not the spouse of the said CHRISTOPHER SPEIHLER at the time in question, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

A TRUE BILL

DISTRICT ATTORNEY                                FOREMAN OF THE GRAND JURY

WITNESSES: Inv. Brandon R. Normand, Hancock County Sheriff's Office, Kiln, Mississippi.

## AFFIDAVIT

Comes now Oliver Smith, Foreman of the aforesaid Grand Jury, and makes oath that this indictment presented to this Court was concurred in by twelve (12) or more members of the Grand Jury and that at least fifteen (15) members of the Grand Jury were present during all deliberations.

FOREMAN OF THE GRAND JURY

Sworn to and subscribed before me this the 1st day of Sept, 2011.

FILED

SEP 01 2011

KAREN LADNER RUHR
CIRCUIT CLERK HANCOCK CO.
BY _____ D.C.

KAREN LADNER RUHR, CIRCUIT CLERK

By _____ D.C.

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER M. SPIEHLER #591199
                    PETITIONER

No.: _____

VERSUS

FILED: _____

DARRYL VANNOY, WARDEN
                    RESPONDENT

_____
DEP CLERK OF COURT

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

## MAY IT PLEASE THE COURT:

NOW INTO COURT comes CHRISTOPHER M. SPIEHLER, PRO SE PETITIONER, WHO RESPECTFULLY SUBMITS THE FOLLOWING IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS CORPUS.

### JURISDICTIONAL

JURISDICTION IS VESTED PURSUANT TO 28 U.S.C. SECTION 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY.

### STATEMENT OF THE CASE

ON APRIL 24, 2010 PETITIONER WAS TAKEN INTO CUSTODY AND CHARGED WITH ONE COUNT OF AGGRAVATED KIDNAPPING OF A CHILD, AND ONE COUNT OF CONTRIBUTING TO THE DELINQUENCY OF A JUVENILE. PETITIONER WAS LATER CHARGED WITH ONE COUNT OF AGGRAVATED RAPE AND ONE HUNDRED TWENTY-THREE COUNTS OF POSSESSION OF PORNOGRAPHY INVOLVING JUVENILES, WITH THE CONTRIBUTING CHARGE HAVING BEEN DROPPED. PETITIONER ENTERED A PLEA OF NOT GUILTY AT ARRAIGNMENT ON JULY 27.

FOLLOWING TRIAL ON SEPTEMBER 27, 2011 PETITIONER WAS FOUND GUILTY AS CHARGED OF AGGRAVATED RAPE FOUND GUILTY OF SIMPLE KIDNAPPING AND FOUND GUILTY OF TWENTY COUNTS OF POSSESSION OF PORNOGRAPHY INVOLVING JUVENILES. VERBAL MOTION FOR NEW TRIAL WAS DENIED. SENTENCING WAS CONDUCTED ON OCTOBER 13, WHERE PETITIONER WAS GIVEN THE MANDATORY LIFE SENTENCE FOR THE AGGRAVATED RAPE CONVICTION SENTENCED TO SERVE FIVE YEARS TO RUN CONCURRENTLY FOR THE SIMPLE KIDNAPPING CONVICTION AND SENTENCED PETITIONER TO SERVE FIVE YEARS FOR EACH COUNT OF POSSESSION OF PORNOGRAPHY INVOLVING JUVENILES TO RUN CONSECUTIVE TO EACH OTHER AND CONSECUTIVE TO THE LIFE SENTENCE.

Petitioner filed direct appeal to Louisiana First Circuit Court of Appeals. Conviction and sentence was affirmed on September 21, 2012. Writ of Certiorari was filed with Louisiana State Supreme Court. Writ was denied on July 31, 2013.

Application for Post Conviction Relief was filed with the Twenty-Second Judicial District Court on August 11, 2014. Court dismissed three of the four claims without a hearing pursuant to Article 929, and ordered a hearing be scheduled to determine merit of remaining claim. Following the evidentiary hearing on July 23, 2015 Court denied Post Conviction Relief application.

Petitioner sent application for Supervisory Writ of Review to the First Circuit Court of Appeals on September 25 2015 and was denied on December 18. Writ of Review was filed with Louisiana Supreme Court on February 11, 2016. Court declined to review writ on March 14. This Petition for Writ of Habeas Corpus now follows.

## Statement of the Facts

On April 23 2010, Petitioner received an unexpected text message from Kirsten, who would ask for his help running away to Florida. After numerous denials, she informed him that she would try to kill herself if she couldn't get away and again pleaded for help. Without knowing the seriousness of her suicide threat, Petitioner agreed to meet with her. Upon arrival Petitioner observed Kirsten conversing with an unidentified male as well as several bags on the ground nearby. Moments after the vehicle came to a stop she began to place her bags inside while telling the other individual, her nephew Connor, to go back home. Petitioner tried to talk with her, but she refused to say anything until they had left the neighborhood. Minutes into the drive, she revealed that she was leaving home because she'd been abused by her older sister's friend several months earlier when he had lived with them, and recently learned he was moving back. She also said that no one believed her when she told them what he'd been doing.

During the drive, Petitioner made multiple attempts to convince her to agree to go back home to try and get her problems resolved, but whenever he would bring it up she would get visibly upset and had even threatened to jump from the moving vehicle. The trip came to an end a short time later at a convenience store when she refused to leave the store after he finished filling up. Petitioner made every attempt, short of physically dragging her out, to get her back into the car and even told her that he would leave without her. When she failed to respond, Petitioner departed the area but returned several minutes later to find she was no longer present.

2

THE FOLLOWING MORNING, WHILE PERFORMING NEW HIRE ORIENTATION DUTIES AT O'REILLY AUTO PARTS, PETITIONER WAS CONFRONTED BY DEPUTIES OF THE ST TAMMANY PARISH SHERIFF'S OFFICE WHO IMMEDIATELY TOOK HIM INTO CUSTODY BEFORE WALKING HIM THROUGH THE BUILDING AND OUT TO THE PARKING LOT. THE DEPUTIES CONDUCTED A QUICK PATDOWN SEARCH BEFORE PLACING PETITIONER INTO ONE OF THE CRUISERS AND TRANSPORTED HIM TO THE MAIN COMPLEX TO BE INTERVIEWED. DETECTIVE COREY CROWE CONDUCTED THE INTERVIEW, AND AFTER TAKING TWO AUDIO STATEMENTS PETITIONER WAS TRANSFERRED AND BOOKED INTO THE PARISH JAIL.

AFTER NEARLY A YEAR AND A HALF OF CONTINUANCES, TRIAL WAS HELD ON SEPTEMBER 27, 2011. STATE WITNESSES INCLUDED JO BETH RICKELS, THE CHILD ADVOCACY OFFICER THAT INTERVIEWED KIRSTEN A FEW DAYS AFTER THE INCIDENT, THE NEPHEW CONNOR, KIRSTEN HERSELF, DETECTIVE COREY CROWE, AND STEVE ARROYO, A COMPUTER FORENSIC ANALYST THAT EXAMINED EVIDENCE SEIZED IN SEARCH WARRANT. DEFENSE COUNSEL CALLED ONLY PETITIONER TO GIVE TESTIMONY. WHEN TESTIMONY CONCLUDED THE JURY WAS GIVEN INSTRUCTIONS AND DISMISSED, RETURNING A FEW HOURS LATER WITH THE GUILTY VERDICTS. PETITIONER WAS SENTENCED ON OCTOBER 13.

## CLAIMS FOR RELIEF

### CLAIM No. 1

DEFENDANT'S RIGHTS, BOTH TO DUE PROCESS AND TO A FAIR TRIAL, WERE DENIED SINCE MATERIAL, EXCULPATORY EVIDENCE WAS NOT DISCLOSED TO THE DEFENSE PRIOR TO TRIAL.

### CLAIM No. 2

DEFENSE COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE DURING ALL OF TRIAL PHASES, VIOLATING SIXTH AMENDMENT TO THE U.S. CONSTITUTION.

### CLAIM No. 3

CONVICTION IS UNLAWFUL IN THAT IT WAS OBTAINED IN VIOLATION OF THE JURISDICTION OF STATE OF MISSISSIPPI.

### CLAIM No. 4

IMPROPER CONDUCTION OF SEARCH WARRANT VIOLATED SEARCH AND SEIZURE PROTECTION RIGHTS; RIGHT TO FAIR TRIAL DENIED DUE TO MANIPULATION OF EVIDENCE BY POLICE AND COMMISSION OF PERJURY BY STATE WITNESS.

<u>ARGUMENTS</u>

<u>ARGUMENT OF CLAIM No. 1</u>

DEFENDANT'S RIGHTS, BOTH TO DUE PROCESS AND TO A FAIR
TRIAL, WERE DENIED SINCE MATERIAL, EXCULPATORY EVIDENCE
WAS NOT DISCLOSED TO THE DEFENSE PRIOR TO TRIAL.

ACCORDING TO POLICE REPORT # 2010-007011 (EXHIBIT *1) FILED BY ST TAMMANY
PARISH SHERIFF'S DEPUTY CHRISTOPHER NIELSEN, THE OFFICER WHO RESPONDED TO
THE REPORT OF A MISSING CHILD, KIRSTEN ANDERSON, EVIDENCE IN THE FORM OF
A HAND-WRITTEN JOURNAL WAS DISCOVERED AND REVIEWED, WHILE DEPUTY
NIELSEN WAS CONDUCTING A SEARCH OF HER BEDROOM. THE JOURNAL HAD
CONTAINED SEVERAL ENTRIES REGARDING AN INDIVIDUAL, NAMED JOHN, THAT LIVED
IN FLORIDA. IT STATED THAT SHE NOT ONLY LOVED JOHN BUT THAT SHE INTENDED
TO LOSE HER VIRGINITY TO HIM WHEN THEY MET; ONE OF THE REASONS SHE HAD
LEFT HOME THAT EVENING. BEFORE LEAVING THE RESIDENCE, DEPUTY NIELSEN
GAVE THE JOURNAL BACK TO THE MOTHER AFTER CONCLUDING HIS SEARCH, AND
INSTRUCTED HER TO HOLD ONTO IT. THE DATES OF THE JOURNAL ENTRIES WERE NOT
SPECIFIED IN THE REPORT.

THE MAIN ISSUE INVOLVES THE ACCURACY OF THE DEPUTY'S REPORT ABOUT
THE CONTENTS OF KIRSTEN'S JOURNAL. IF SHE WROTE THAT SHE INTENDED TO LOSE HER
VIRGINITY TO THE GUY SHE RAN AWAY FROM HOME TO BE WITH IN APRIL, HOW COULD
SHE HAVE BEEN RAPED IN FEBRUARY, AS SHE CLAIMED? THE SIMPLE ANSWER IS
THAT SHE WAS NOT AND HER OWN WORDS PROVE HER ACCUSATION TO BE FALSE.

THE UNITED STATES SUPREME COURT DECISION IN <u>BRADY VS MARYLAND</u> STATES
THAT SUPPRESSION OF EVIDENCE FAVORABLE TO AN ACCUSED VIOLATES DUE
PROCESS WHERE EVIDENCE IS MATERIAL IRRESPECTIVE OF GOOD OR BAD FAITH OF
PROSECUTION. IN THE QUESTION OF MATERIALITY OF EVIDENCE IT IS CONSIDERED
TO BE MATERIAL WHEN ITS INCLUSION WOULD MAKE A DIFFERENT RESULT TO BE
"REASONABLY POSSIBLE." FURTHERMORE, THE DECISION IN THE CASE OF <u>KYLES VS
WHITLEY</u> STATES THAT THE INDIVIDUAL PROSECUTOR HAS A DUTY TO LEARN OF ANY
EVIDENCE FAVORABLE TO THE ACCUSED THAT IS KNOWN TO ANY OTHERS THAT ARE
ACTING ON BEHALF OF THE GOVERNMENT IN THE CASE INCLUDING POLICE TO AVOID
A BRADY VIOLATION. PROSECUTOR'S RESPONSIBILITY FOR FAILING TO DISCLOSE KNOWN,
MATERIAL EVIDENCE IS INESCAPABLE.

THE QUESTION YET TO BE ANSWERED IS SIMPLE; IS THE JOURNAL MATERIAL
EVIDENCE, IN THAT IT WOULD HAVE BEEN "REASONABLY POSSIBLE" THAT THE JURY

4

WOULD HAVE DECIDED ON A DIFFERENT VERDICT? PETITIONER BELIEVES THAT NOT ONLY WOULD A DIFFERENT OUTCOME BEEN POSSIBLE, IT WOULD LIKELY HAVE BEEN ASURED. BECAUSE THERE WAS NO PHYSICAL EVIDENCE TO PROVE THAT THE CRIME HAD BEEN COMMITTED THE PROSECUTOR RELIED ON TESTIMONY OF THE VICTIM TO PROVE THEIR CASE. HAD THE DEFENSE HAD THE JOURNAL AND ITS CONTENTS TO USE AT TRIAL THERE WOULD HAVE BEEN ENOUGH DOUBT AS TO THE VERACITY OF THE VICTIM'S CLAIM THE JURY WOULD NOT HAVE BEEN ABLE TO GIVE IT MUCH CONSIDERATION, AND THEY COULD NOT HAVE BEEN ABLE TO AGREE ON A GUILTY VERDICT DURING DELIBERATIONS. FURTHERMORE, IT SHOULD BE NOTED THAT THE VERDICT WAS NON-UNANIMOUS, AND THAT EVEN WITHOUT THE CRUCIAL PIECE OF EVIDENCE IN PLAY, TWO OF THE TWELVE JURY MEMBERS VOTED NOT GUILTY. THIS FACT ILLUSTRATES PETITIONER'S CLAIM THAT THE INCLUSION OF THE VICTIMS JOURNAL WOULD HAVE CAUSED A DIFFERENT OUTCOME AND THEREFORE THE STATE'S FAILURE TO DISCLOSE CONSTITUTES A BRADY VIOLATION. LASTLY, BECAUSE OF HIS RESPONSIBILITIES UNDER KYLES, THE PROSECUTOR IS UNABLE TO CLAIM HARMLESS ERROR IN HIS FAILURE TO DISCLOSE BECAUSE HE HAD NEVER BEEN INFORMED OF THE JOURNAL BEING DISCOVERED BY THE SHERIFF'S OFFICE. THAT FAILURE IS HIS ALONE.

TO CONCLUDE, BASED ON THE PRECEDING ARGUMENT PETITIONER AVERS THAT HIS CLAIMS ARE MERITORIUS AND THAT THE STATE'S FAILURE TO DISCLOSE THE VICTIM'S JOURNAL, THAT HAS BEEN PROVEN TO MEET THE STANDARD OF MATERIALITY, CONSTITUTES A BRADY VIOLATION AND THAT IT FURTHER VIOLATED PETITIONER'S RIGHT TO DUE PROCESS AND HIS RIGHT TO A FAIR TRIAL.


## ARGUMENT OF CLAIM No 2

DEFENSE COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE DURING ALL PHASES OF TRIAL, VIOLATING THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

AFTER PETITIONER'S ORIGINAL DEFENSE COUNSEL WITHDREW FOLLOWING THE ARRAIGNMENT ON JULY 27, 2010, PETITIONER RETAINED THE SERVICES OF WILLIAM ALFORD JR. DURING INITIAL CONFERENCE COUNSEL INFORMED PETITIONER THAT HE WOULD NOT ASK FOR NOR USE ANY DOCUMENTS REQUESTED BY OR IN POSSESSION OF PREVIOUS COUNSEL. COUNSEL ALSO IGNORED PETITIONER'S REQUESTS TO CHALLENGE THE MIRANDA RIGHTS FORM THAT HAS SIGNATURE ON IT THOUGH PETITIONER HAD NEVER SIGNED IT, AND A REVIEW OF THE FORM (EXHIBIT "2") WOULD SHOW THAT IT WAS 'SIGNED' AFTER PETITIONER HAD BEEN BOOKED INTO THE PARISH JAIL. COUNSEL ALSO INTENTIONALLY FAILED TO HAVE A SUBPOENA ISSUED FOR DAVID WATTS, THE MANAGER OF THE O'REILLY AUTO PARTS STORE, WHO WOULD HAVE OFFERED TESTIMONY THAT CONTRADICTS THAT OF

THE ARRESTING OFFICER, DEPUTY E. STONE AT THE PRETRIAL HEARING THAT WAS HELD ON SEPTEMBER 8, 2011. AT THE HEARING DEPUTY STONE TESTIFIED THAT PETITIONER VOLUNTARILY WALKED OUTSIDE TO ANSWER QUESTIONS (T.R. PG 153, LN 26 - PG 154, LN 9; PG 162, LN 19-24). DAVID WATTS WOULD HAVE TESTIFIED THAT THE THREE DEPUTIES PHYSICALLY RESTRAINED AND HANDCUFFED PETITIONER IN BACK OF THE STORE AND PROCEEDED TO ESCORT HIM THROUGH THE MAIN LOBBY, IN VIEW OF OTHER EMPLOYEES AND PRESENT CUSTOMERS, TO THE PARKING LOT. MANAGER WATTS WITNESSED THE INCIDENT AT A DISTANCE OF LESS THAN TEN FEET.

DURING JURY SELECTION ON SEPTEMBER 26, DEFENSE COUNSEL OFFERED NO OBJECTIONS, NOR DID HE REQUEST AN ADMONITION FROM JUDGE GARCIA WHEN THE PROSECUTOR, SCOTT GARDNER, PUBLICIZE THE NAME OF THE UNDERAGE VICTIM ON TWO SEPARATE OCCASIONS (T.R. PG 271, LN 27-30; PG 274, LN 27-30) ONLY MINUTES AFTER STATING HE WAS PROHIBITED BY LAW FROM REVEALING ANY FACTS OF THE CASE WHEN A PROSPECTIVE JUROR ASKED A QUESTION (T.R. PG 248, LN 15-30). WITHOUT KNOWING IF ANY IN THE JURY POOL HAD KNOWLEDGE OF THE VICTIM AND/OR HER FAMILY, SUCH A PUBLIC REVELATION COULD CAUSE SOMEONE TO HAVE A SECRET PREJUDICE AGAINST THE DEFENSE. DEFENSE COUNSEL SHOULD HAVE MADE A MOTION TO HAVE A NEW JURY POOL SELECTED BASED ON PROSECUTORS REMARKS, BUT FAILED TO DO SO.

TRIAL BEGAN THE NEXT DAY, SEPTEMBER 27, DURING WHICH THE PROSECUTOR MADE SEVERAL COMMENTS, TO WHICH DEFENSE COUNSEL CHOSE NOT TO OBJECT, ABOUT ALLEGATIONS OF SEXUAL ACTIVITY BETWEEN PETITIONER AND THE VICTIM IN MISSISSIPPI (T.R. PG 361, LN 1-4; PG 393, LN 26-30; PG 411, LN 4-9; PG 413, LN 8-10; PG 562 LN 2-5). THOSE COMMENTS COULD HAVE PLACED A BIAS AGAINST PETITIONER THAT, UNDER ARTICLE 770(C), MAY HAVE RESULTED IN MISTRIAL IF DEFENSE COUNSEL REQUESTED ONE. COUNSEL COULD HAVE MOVED FOR A MISTRIAL WHEN PROSECUTOR ASKED DIRECT QUESTIONS TO THE VICTIM REGARDING SEXUAL ACTIVITY IN MISSISSIPPI (T.R. PG 457, LN 8-12; PG 458 LN 17-21, 28-30; PG 460, LN 1-3; PG 462, LN 4-7) YET COUNSEL GAVE NO OBJECTIONS. COUNSEL FAILED TO REQUEST THAT ALL STATE WITNESSES BE SEQUESTERED AT THE BEGINNING OF THE TRIAL. THIS ALLOWED A WITNESS TO SIT IN AND LISTEN TO OTHER TESTIMONY BEFORE BEING CALLED UP TO THE STAND. WHEN CROSS-EXAMINING THE VICTIM HERSELF, COUNSEL ALLOWED HER TO RESPOND WITH I DON'T KNOW OR I DON'T REMEMBER OVER TWO DOZEN TIMES (T.R. PG 463, LN 23-32; PG 464, LN 2-5, 18; PG 465, LN 8-16; PG 467, LN 7-PG 469, LN 4) WITHOUT MAKING A MOTION TO HAVE THE VICTIM DISMISSED AS A CREDIBLE WITNESS. FINALLY, COUNSEL CONFIDED THAT HE DID NOT EXPECT A FAVORABLE OUTCOME AFTER THE JURY HAD BEEN SENT TO DELIBERATE.

IN CONCLUSION, ANY ONE OF THESE FAILURES COULD BE CONSIDERED A MISTAKE BUT ALL OF THEM TOGETHER MAKE UP A COMPLETE BREAKDOWN. WHILE IT CANNOT BE PROVEN, GIVEN

THE INACTIONS OF COUNSEL, IT WOULD NOT BE DIFFICULT TO CONVINCE ANY REASONABLE PERSON THAT PETITIONER'S DEFENSE WAS HINDERED BY RETAINED COUNSEL, AND BY RESULT EFFECTIVELY AIDED PROSECUTION. FOR THIS REASON, AND THE OTHERS LISTED PREVIOUSLY, PETITIONER CONTENDS THAT FAILURES OF RETAINED DEFENSE COUNSEL AMOUNT TO VIOLATIONS OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## ARGUMENT OF CLAIM No. 3

CONVICTION IS UNLAWFUL IN THAT IT WAS OBTAINED IN VIOLATION OF JURISDICTION OF STATE OF MISSISSIPPI.

PETITIONER WAS INDICTED IN ST TAMMANY PARISH ON JULY 21, 2010. ON THE INDICTMENT FORM (EXHIBIT #3), IT LISTS THAT COUNT 1 - AGGRAVATED RAPE WAS ALLEGED TO HAVE BEEN COMMITTED BETWEEN THE 1ST AND 28TH DAYS OF FEBRUARY 2010. THE INDICTMENT ALSO LISTS COUNT 2 - AGGRAVATED KIDNAPPING OF A CHILD AS ALLEGED TO HAVE BEEN COMMITTED BETWEEN THE 23RD AND 24TH OF APRIL, 2010. FURTHERMORE PETITIONER WAS ALSO INDICTED IN HANCOCK COUNTY MISSISSIPPI ON SEPTEMBER 1, 2011. THE CHARGE ON THE INDICTMENT FORM (EXHIBIT #4) IS LISTED AS STATUTORY RAPE AND WAS ALLEGED TO HAVE BEEN COMMITTED ON APRIL 24, 2010. PETITIONER ARGUES THAT WHILE TECHNICALLY THE SEPTEMBER 2011 TRIAL IN ST TAMMANY PARISH RESULTED IN A LEGAL CONVICTION, A MORE COMPLETE AND THOROUGH REVIEW OF THE FACTS WILL SHOW THAT NOT TO BE THE CASE, FOR THE REASONS TO FOLLOW.

DAYS AFTER BEING RETURNED TO HER FAMILY, THE VICTIM MADE AN ACCUSATION THAT PETITIONER RAPED HER AT SOME POINT DURING THE MONTH OF FEBRUARY, BUT COULD NOT GIVE AN EXACT DATE AS TO WHEN THE ALLEGED CRIME HAD BEEN COMMITTED. SHE ADMITTED THAT SHE DID NOT SAY ANYTHING TO ANYONE AFTERWARDS, FOR REASONS THAT SHE COULDN'T REMEMBER. HOWEVER, SHE FELT COMFORTABLE ENOUGH WITH THE VERY PERSON WHO SHE CLAIMED HAD RAPED HER ONLY A FEW MONTHS EARLIER TO BEG FOR HIS HELP IN RUNNING AWAY FROM HOME. THEN SHE ACCUSES HIM OF RAPE AGAIN, AND ABANDONING HER IN MISSISSIPPI WHEN IN REALITY SHE REFUSED TO LEAVE THE CONVENIENCE STORE AFTER LEARNING THAT PETITIONER WAS BRINGING HER HOME. BOTH RAPE ACCUSATIONS WERE RESULT OF FEELINGS OF FRUSTRATION AND ANGER TOWARD PETITIONER, AND NOT FROM ANY ACTUAL OFFENSE.

THOUGH THERE WAS NO PHYSICAL EVIDENCE TO PROVE A RAPE IN ST TAMMANY HAD ACTUALLY BEEN COMMITTED, WITH ONLY MINIMAL CIRCUMSTANTIAL EVIDENCE POINTING TO POSSIBLE SEXUAL ACTIVITY IN MISSISSIPPI, PETITIONER WAS CONVICTED FOR THE CRIME OF AGGRAVATED RAPE, ALONG WITH A LESSER OFFENSE OF SIMPLE KIDNAPPING INSTEAD OF THE AGGRAVATED KIDNAPPING THAT PETITIONER WAS INDICTED. WHEN

PETITIONER WAS BROUGHT IN FOR SENTENCING ON OCTOBER 13, PRESIDING TRIAL JUDGE PETER GARCIA MADE STATEMENTS ON THE RECORD THAT ALL BUT PROVE THE JURISDICTIONAL VIOLATIONS. WHEN REFERING TO COUNT 1 OF THE INDICTMENT, AGGRAVATED RAPE, JUDGE GARCIA STATED THAT "THE VICTIM HAD TO UNDERGO THE STRENUOUS AND HARD TASK OF TESTIFYING REGARDING THIS EVENING, AND ALSO SUFFERED ADDITIONAL CONSEQUENCES AS A RESULT OF THE ACTIONS THAT WERE TAKEN BY YOU [REFERING TO PETITIONER] AT THE TIME OF THE OFFENSE BY LEAVING HER IN MISSISSIPPI AFTER YOU COMMITTED THIS OFFENSE"(T.R. PG 614, LN 25 - PG 615, LN 5). JUDGE GARCIA CONTINUED AND STATED THAT THE JURY HAD CONVICTED PETITIONER OF SIMPLE KIDNAPPING IN RELATION TO THE AGGRAVATED RAPE (T.R. PG 615 LN 6-10).

PETITIONER ARGUES THAT THE JUDGE'S STATEMENTS ARE MORE THAN ENOUGH PROOF THAT THE CONVICTION IS NOT CONNECTED WITH THE INDICTED OFFENSE, BECAUSE THE AGGRAVATED RAPE ALLEGATION IS/WAS IN NO WAY CONNECTED OR RELATED TO THE KIDNAPPING ALLEGATION FOR THE SIMPLE REASON THAT THERE WAS AT LEAST A TWO MONTH TIME GAP BETWEEN THEM. THE RAPE ALLEGATION THAT IS ANY WAY CONNECTED WITH THE KIDNAPPING CHARGE WAS ALLEGED IN MISSISSIPPI, NOT LOUISIANA. JUDGE GARCIA'S OWN WORDS PROVE THIS FACT, AND AS SUCH THE CONVICTION IS UNLAWFUL AND SHOULD NOT BE ALLOWED TO STAND.

## ARGUMENT OF CLAIM No. 4

IMPROPER CONDUCTION OF SEARCH WARRANT VIOLATED SEARCH AND SEIZURE PROTECTION RIGHTS: RIGHT TO FAIR TRIAL DENIED DUE MANIPULATION OF EVIDENCE BY POLICE AND COMMISSION OF PERJURY BY STATE WITNESS.

AFTER PETITIONER WAS BOOKED INTO THE PARISH JAIL ST TAMMANY PARISH SHERIFF'S DETECTIVE COREY CROWE USED INFORMATION GAINED FROM AUDIO STATEMENTS GIVEN BY PETITIONER TO OBTAIN A SEARCH WARRANT FOR PETITIONER'S RESIDENCE, WHICH WAS EXECUTED SHORTLY AFTER MIDNIGHT ON SUNDAY APRIL 25, 2010 THOUGH THE VICTIM HAD ALREADY BEEN LOCATED AND REUNITED WITH FAMILY EARLIER THE PRIOR AFTERNOON. SEVERAL ITEMS WERE PHOTOGRAPHED BEFORE BEING SEIZED, WITH PARTICULAR ATTENTION GIVEN TO PETITIONER'S LAPTOP COMPUTER. WHILE DETECTIVE CROWE WAS ASSISTED IN CONDUCTION OF SEARCH BY LIEUTENANT JOSEPH PICONE ONLY DETECTIVE CROWE TESTIFIED AT TRIAL.

BEFORE DETECTIVE CROWE BEGAN HIS TESTIMONY HE TOOK AN OATH TO TELL "THE WHOLE TRUTH" AS EVERY TESTIFYING WITNESS HAD DONE. THIS OATH WAS MOMENTS AFTER TAKING THE STAND WHEN DESCRIBING THE END OF HIS EMPLOYMENT WITH THE SHERIFF'S OFFICE. WITHOUT GIVING SPECIFIC DETAILS HE STATED SIMPLY THAT HIS EMPLOYMENT "CAME TO AN END", AND BEGAN TO EXPLAIN

THAT HE WAS A SINGLE FATHER TO TWO YOUNG CHILDREN (T.R. PG 475 LN 6-15). ANY REASONABLE PERSON WOULD BELIEVE THAT HIS EMPLOYMENT ENDED VOLUNTARILY TO BE WITH HIS FAMILY. UNFORTUNATELY, EVIDENCE EXISTS THAT PROVES OTHERWISE. THIS FORM (T.R. PG 100) STATES THAT DETECTIVE CROWE WAS FIRED FOR FAILING TO COMPLETE REPORTS IN A TIMELY MATTER. AFTER HAVING JUST TAKEN THE OATH THIS OMISSION SHOULD BE VIEWED IN THE SAME STANDING AS A LIE, AND THEREFORE SHOULD DISQUALIFY HIM AS A WITNESS AND ALL HANDLED EVIDENCE BE RULED INADMISSABLE.

ANOTHER 'MISREPRESENTATION OF THE TRUTH' OCCURRED WHEN GIVING HIS TESTIMONY REGARDING THE SEARCH OF PETITIONER'S RESIDENCE ESPECIALLY IN REGARDS TO THE SEIZED LAPTOP COMPUTER. DETECTIVE CROWE TESTIFIED THAT THE CONDITION OF THE COMPUTER WAS AS IT APPEARED IN THE PHOTO GRAPH, WITH THE LID OPEN THE UNIT ACTIVE AND THE DISPLAY SHOWING A PASSWORD SCREEN (T.R. PG 485 LN 25 - PG 486, LN 2). WHEN ASKED IF HE HAD HANDLED THE DEVICE IN ANY WAY HE STATED THAT HE HAD NOT TURNED IT ON (T.R. PG 488, LN 30 - PG 489, LN 5). THERE ARE MULTIPLE PROBLEMS WITH THIS STATEMENT, AND IT CAN BE PROVEN TO BE YET ANOTHER INSTANCE OF PERJURY. FIRST, IT HAD BEEN NEARLY SEVENTEEN HOURS SINCE PETITIONER HAD DEPARTED THE RESIDENCE FOR WORK, AND PETITIONER WOULD ALWAYS ENSURE THAT HIS COMPUTER WAS POWERED DOWN WITH THE LID CLOSED WHENEVER LEAVING FOR EXTENDED PERIODS OF TIME. SECONDLY, PETITIONER HAD CONFIGURED THE UNIT'S POWER SETTINGS TO AUTOMATICALLY SHUT DOWN AFTER SIX HOURS OF INACTIVITY. THIRD, THE UNIT WAS PROGRAMED, UNDER PROFILE SETTINGS, TO DISPLAY THE PASSWORD REQUEST SCREEN ONLY WHEN THE UNIT IS POWERED ON. DETECTIVE CROWE'S OWN PHOTOGRAPH PROVES HIS LIE ABOUT HIS ACTIONS DURING CONDUCTION OF THE SEARCH. KNOWING THESE INSTANCES WHERE DETECTIVE CROWE WASN'T ENTIRELY TRUTHFUL IT WOULD NOT BE SO MUCH OF A STRETCH TO QUESTION HIS INTEGRITY WHEN DEALING WITH THE AUDIO RECORDINGS TAKEN WHEN PETITIONER WAS INITIALLY ARRESTED.

DETECTIVE CROWE USED A HAND-HELD DIGITAL RECORDER TO TAKE PETITIONER'S STATEMENT. WHEN COMPLETED PETITIONER WAS TAKEN TO A HOLDING AREA FOR SEVERAL MINUTES UNTIL DETECTIVE CROWE RETURNED WITH ONE OF THE FORENSIC TECHNICIANS WHO DISCOVERED EVIDENCE OF POSSIBLE SEXUAL ACTIVITY. PETITIONER WAS BROUGHT BACK TO HAVE A SECOND STATEMENT RECORDED BEFORE BEING TRANSPORTED TO THE PARISH JAIL. AT A PRETRIAL HEARING ON SEPTEMBER 15, 2011, DETECTIVE CROWE TESTIFIED THAT ONLY ONE AUDIO STATEMENT WAS MADE (T.R. PG 186 LN 26-32), KNOWING THAT HE HAD RECORDED TWO AND HAD THEM EDITED TOGETHER.

IN CONCLUSION PETITIONER CONTENDS THAT ALL OF THE PRECEDING FACTS POINT TO

AN INDIVIDUAL THAT FELT HE COULD NO LONGER TRUST THE SYSTEM HE WAS MEANT TO SERVE AND TOOK IT UPON HIMSELF TO ENSURE HIS INVESTIGATION WAS A SUCCESS BY ANY MEANS. AS A RESULT OF HIS MANIPULATIONS HE ACHIEVED A SMALL MEASURE OF VICTORY AGAINST PETITIONER THOUGH THOSE MANIPULATIONS ARE NOW BEING BROUGHT TO LIGHT.

## PRAYER FOR RELIEF

MR. SPIEHLER PRAYS THIS HONORABLE COURT GRANT HIS PETITION FOR WRIT OF HABEAS CORPUS AND GRANTS RELIEF NECESSARY FOR THE CORRECTION OF FOREGONE VIOLATIONS OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS.

RESPECTFULLY SUBMITTED THIS 26 DAY OF APRIL, 2016.

CHRISTOPHER M SPIEHLER #591199
LOUISIANA STATE PRISON
DEATH ROW/CCR E-TIER #12
ANGOLA, LA 70712

# AFFIDAVIT

I, CHRISTOPHER M. SPIEHLER, HEREBY SWEAR AND AVER THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY BELIEF AND KNOWLEDGE.

DONE THIS __26__ DAY OF ___APRIL___, 2016.

_Christopher M. Spiehler_
#591199
CHRISTOPHER M. SPIEHLER
LOUISIANA STATE PRISON
DEATH ROW CCR E TIER #12
ANGOLA, LA. 70712